569 A.2d 413

**William WELCH et al., Petitioners,**

v.

**PENNSYLVANIA PUBLIC UTILITY COMMISSION, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Oct. 4, 1989.

Decided Jan. 30, 1990.

George M. Schroeck, Schroeck & Segel, P.C., Erie, for petitioners.

Kathryn G. Sophy, Asst. Counsel, with her, Bohdan R. Pankiw, Deputy Chief Counsel, and John F. Povilaitis, Chief Counsel, Philadelphia, for respondent.

Michael W. Gang, with him, Michael W. Hassell, Morgan, Lewis & Bockius, Philadelphia, and Heino H. Prahl, Buffalo, N.Y., for intervenor, National Fuel Gas Distribution Corp.

Before CRUMLISH, Jr., President Judge, and CRAIG, BARRY, COLINS, PALLADINO, McGINLEY and SMITH, JJ.

## OPINION

CRUMLISH, Jr., President Judge.

The Pennsylvania Public Utility Commission (Commission) entered an order which, upon remand by this Court, *National Fuel Gas Distribution Corp. v. Pennsylvania Public Utility Commission*, 76 Pa.Commonwealth Ct. 102, 464 A.2d 546 (1983) (*National Fuel Gas I*), (1) adopted the decision of Administrative Law Judge Michael A. Nemec, and (2) upheld National Fuel Gas Distribution Corporation's (National Fuel Gas) tariff supplement request. William Welch, et al. (Welch) have petitioned for review of the Commission's order; we affirm.

The facts originally giving rise to this controversy and the legal issues on which it is based are exhaustively addressed in *National Fuel Gas I.* We need only concern ourselves here with one narrow issue required by the remand ordered therein. That is, whether there is substantial evidence to support the Administrative Law Judge's findings, adopted by the Commission, that National Fuel Gas did not act imprudently or abuse its discretion in purchasing certain synthetic fuel supplies.

Suffice it to say, then, for purposes of this appeal, that in 1979, National Fuel Gas filed a tariff supplement for increased charges for gas, which the Commission at the time determined to be unreasonable. As a consequence, the Commission ordered a refund to the ratepayers, whereupon

National Fuel Gas petitioned this Court for review. This Court extensively reviewed the Commission's order and remanded for further findings of fact and the taking of evidence on the question of National Fuel Gas's imprudent behavior and abuse of managerial discretion. *National Fuel Gas I.*

After hearing and the submission of additional evidence, Administrative Law Judge Nemec concluded that no imprudent behavior or abuses of managerial discretion were supported by the additional evidence produced on remand. The Commission adopted this conclusion and discontinued the proceedings.

Welch now argues that there is substantial evidence to support a finding that National Fuel Gas knew or should have known its gas supplies were adequate to meet the needs of its customers without additional costs incurred by the purchase of synthetic fuel materials during the winter of 1979–80. Welch maintains that the testimony of expert witnesses for the consumer advocate's office, and the submission of additional exhibits, show that there is substantial evidence to support a finding of mismanagement.

This Court's scope of appellate review of Commission decisions is limited to a determination of whether such decisions are supported by the substantial evidence, whether an error of law has been committed, or whether constitutional rights have been violated. *T.W. Phillips Gas & Oil Co. v. Pennsylvania Public Utility Commission,* 81 Pa. Commonwealth Ct. 205, 474 A.2d 355 (1984). Welch challenges only the adequacy of the Commission's findings. This Court must therefore review the Commission's order to determine whether or not the findings are supported by the substantial evidence.

After a complete review of the record, including the detailed findings in the Administrative Law Judge's recommended decision, it is this Court's determination that the Commission's order adopting the recommended decision of the Administrative Law Judge is supported by the substan-

tial evidence. Administrative Law Judge Nemec specifically concluded:

Following the above review, I conclude and recommend that the officially noticed materials do not contain or constitute substantial evidence to support a finding of an abuse of managerial discretion on the part of NFG Distribution in its decision to continue to purchase, at a reduced level, Ashland SNC during the period from September, 1979, through and including February, 1980.

 This Court finds the record replete with examples of National Fuel Gas's prudent approach, from its expert testimony as to the uncertainty of gas supplies (Commission Exhibit No. 1105, pp. 10–18, 27–35, R. 684a–692d, 701a–709a), through the master estimate of gas supply and requirements contained in Exhibit No. 1002. This evidence, accepted by the Commission, constitutes substantial evidence to support the finding that National Fuel did not know or should not have known that adequate or less expensive alternative supplies were then or would later be available. This finding, in turn, supports the conclusion that there was no abuse of discretion or imprudent purchases. *National Fuel Gas I,* 76 Pa.Commonwealth Ct. at 129, 464 A.2d at 559. We are mindful that, as a general matter, utility management "is in the hands of the utility" and neither the Commission nor this Court may interfere with lawful management decisions unless there is a manifest abuse of the utility's managerial discretion. *Id.*

Accordingly, the order of the Pennsylvania Public Utility Commission, dated September 30, 1988, is affirmed.

## ORDER

The order of the Pennsylvania Public Utility Commission, R–79090956; M–FACG8004 dated September 30, 1988, is affirmed.